IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY J. ROMERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-1011-R |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Anthony Romero, a federal inmate appearing *pro se*, has brought this this action under the Federal Tort Claims Act (FTCA) for damages owing to the alleged negligence of a federal employee while Mr. Romero was housed at the Federal Correctional Institute in El Reno, Oklahoma (FCI-El Reno) (ECF No. 1). District Judge David L. Russell referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). A review of the Complaint has been conducted pursuant to 28 U.S.C. § 1915A(a). Based on that review, the Court should **DISMISS** the Complaint, without prejudice.

I.  SCREENING REQUIREMENT

The Court must review each complaint in which a prisoner seeks redress against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). In doing so, the Court is required to dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b).

## II. FACTUAL BACKGROUND/PLAINTIFF'S ALLEGATIONS

On September 26, 2023, while incarcerated at FCI-El Reno, Mr. Romero was allegedly attacked by his cellmate, Gabriel Vasquez while in the Special Housing Unit (SHU) (ECF No. 1:5). According to Mr. Romero, the attack was orchestrated by Special Investigative Services Technician Malia Curnutt, an employee of FCI-El Reno who was allegedly romantically involved with Mr. Vasquez, as part of a plot to "get [Mr. Vasquez] back into the good graces of the Norteno gang." (ECF No. 1:5). Apparently, Mr. Vasquez was "dropping out" of the gang, which would result in him leaving the SHU, so Ms. Curnutt orchestrated the attack by Mr. Vasquez on Mr. Romero to keep him in the SHU and preserve her relationship with Mr. Vasquez. (ECF No. 1:5). During the attack, Mr. Romero "defended [himself] to the best of [his] ability" considering the lack of "distress call buttons" in the cells, but ultimately sustained injuries to his neck and back. (ECF No. 1:5). Plaintiff describes the incident as "clear negligence and a deliberate attack set up by [FCI-El Reno] staff that resulted in injury." (ECF No. 1:5). Mr. Romero has named the United States of America as the sole Defendant, and seeks monetary damages as relief. (ECF No. 1:4).[1]

---

[1] In an affidavit attached to the Complaint, where Plaintiff describes the incident, he states that he is "making a claim of negligence against El Reno Federal Correctional Institute." (ECF No. 1:5). But Mr. Romero does not list "FCI-El Reno" as a named defendant, either in the style of the case or in the form complaint. *See* ECF No. 1. Furthermore, "[t]he United States is the only proper defendant in an FTCA action." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)). Thus, the Court should deem the United States of America as the only proper defendant to this action.

**III.    DISMISSAL FOR NONEXHAUSTION OF ADMINISTRATIVE REMEDIES**

In 1948, Congress enacted the FTCA, which waives the United States' sovereign immunity for certain torts that federal employees commit. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Under the FTCA, "the Federal Government [may be held] liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *Garling v. United States Env't Prot. Agency*, 849 F.3d 1289, 1294 (10th Cir. 2017) (quoting *United States v. Orleans*, 425 U.S. 807, 814 (1976)). Prior to filing a FTCA claim in federal court, however, a plaintiff must meet certain procedural and jurisdictional requirements, including the exhaustion of administrative remedies. *See Staggs v. U.S. ex rel. Dep't of Health and Human Servs.*, 425 F.3d 881, 885 (10th Cir. 2005) (stating that the "FTCA's presentation requirements are jurisdictional and cannot be waived" (citation omitted)); *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) ("As a jurisdictional prerequisite, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.") (citations omitted)).

The Tenth Circuit Court of Appeals has summarized these requirements as follows:

> Under the FTCA, filing an administrative claim with the appropriate federal agency is a prerequisite to bringing a civil action against the United States for damages for the negligence or wrongful act of any United States employee. 28 U.S.C. § 2675(a); *Three-M Enterprises, Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977) ... A claim is deemed presented when a federal agency receives from a claimant "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in sum certain for ... personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). "[B]ringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive." *Nero v. Cherokee*

*Nation of Oklahoma*, 892 F.2d 1457, 1463 (10th Cir. 1989); *see also Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991).

*Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994). In addition to the presentation of an administrative claim with the appropriate federal agency, the FTCA itself states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). In other words, "to meet the threshold requirement of administrative exhaustion, plaintiffs must either (1) have their administrative claims finally denied by the relevant federal agency; or (2) if the agency fails to act on their administrative claims within six months of presentment, they may thereafter deem the claims (constructively) denied." *Barnes v. U.S.*, 776 F.3d 1134, 1139 (10th Cir. 2015).

In the instant case, Mr. Romero has submitted proof that he began the administrative exhaustion process by filing his claim with the appropriate federal agency, utilizing "Form 95." *See* ECF No. 1-2. The form was dated March 13, 2024, and was deemed "received" by the Federal Bureau of Prisons (BOP) as of April 1, 2024. (ECF No. 1-2 & 1-3). According to Jason Sickler, Regional Counsel at the BOP, Mr. Romero "may expect a response from this office on or before September 30, 2024." (ECF No. 1-3). As stated, if the agency fails to act on Mr. Romero's claim "within six months of

presentment," the claim may be deemed constructively denied and he may thereafter bring a claim in federal court. The issue in the instant case, however, concerns the timing of Plaintiff's lawsuit. Because the administrative claim was "received" April 1, 2024, the six month window to bring a lawsuit after deeming a Plaintiff's request constructively denied began October 1, 2024. *See Haceesa v. U.S.*, 309 F.3d 722, 733 (10th Cir. 2002) "If the federal agency denies the claim, the claimant has six months *thereafter* to file suit in federal court." (emphasis added); *see also* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless … action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."). But Plaintiff filed his lawsuit one day before the agency's six-month window to rule on the claim had expired—on September 30, 2024. As a result, there was, in effect, no "constructive" denial by the agency which would trigger Plaintiff's ability to file his lawsuit in this Court. As a result, the Court should dismiss the action. *See McNeil v. United States,* 508 U.S. 106, 113 (1993) ("A district court must dismiss a claim under the FTCA if it was filed before the claim was denied by the federal agency (either expressly or implicitly).").

## IV. POTENTIAL AMENDMENT

"[A]s a general rule, a premature complaint cannot be cured through amendment, but instead, plaintiff must file a new suit." *Duplan v. Harper*, 188 F.3d at 1195. This rule exists because "[a]llowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose

5

an unnecessary burden on the judicial system." *Id*. Courts must dismiss these claims "without regard to concern for judicial efficiency." *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012). Even the filing of an amended complaint may not serve to cure a prematurely filed original complaint. *See Stevens v. United States*, 61 F. App'x 625, 627 (10th Cir. 2003). There is, however, at least one limited exception to the general rule— where the United States "expressly agreed" to the district court's decision to treat the amended complaint as a new action. *Duplan v. Harper*, 188 F.3d at 1199; *see Mires v. United States*, 466 F.3d 1208, 1211 (10th Cir. 2006) (McConnell, J.) (finding new action where plaintiff "sought permission to file—and, with the government's consent and district court's permission, did file—an amended complaint").

In this case, three theoretical possibilities exist: (1) Plaintiff could receive relief on his administrative claim; precluding his need to re-file the instant case; (2) the agency could deny Plaintiff's claim, notifying him with an actual denial; or (3) because the timeline in which Plaintiff was told that he could "expect" a response on his administrative claim has now passed, he may choose to deem the claim constructively denied, triggering the six-month time period in which to file his claim under the FTCA.

## V.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the forgoing reasons, the Court should dismiss the Complaint. Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **November 4, 2024**. *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both

factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI.   STATUS OF THE REFERRAL

This Report and Recommendation disposes of all issues currently referred to the undersigned magistrate judge in the captioned matter.

ENTERED on October 16, 2024.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE