UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ANTHONY J. ROMERO,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**THE UNITED STATES OF AMERICA,** )<br>)<br>**Defendant.** ) | No. CIV-24-1011-R |

## ORDER

Before the Court is the Report and Recommendation [Doc. No. 5] of United States Magistrate Judge Shon T. Erwin recommending dismissal of Plaintiff Anthony J. Romero's Complaint [Doc. No. 1] for failure to exhaust administrative remedies as required by the Federal Tort Claims Act (FTCA) [Doc. No. 5 at p. 5]. Plaintiff, proceeding *pro se*, timely filed a response [Doc. No. 6], which the Court interprets as an objection triggering *de novo* review.[1]

Plaintiff concedes that he filed his Complaint prior to exhausting his administrative remedies but argues that his claim should be allowed to proceed because he has not received a response regarding his administrative claim within the time he was told to expect such a response [Doc. No. 6]. The Court interprets this argument as Plaintiff attempting to treat his administrative claim as constructively denied, and thus trigger his filing period under the FTCA. However, premature FTCA claims generally must be dismissed and

---

[1] Because Plaintiff is proceeding *pro se*, the Court affords his materials a liberal construction but does not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

1

cannot be cured by amendment. *See Hill v. Pugh*, 75 F. App'x 715, 717 (10th Cir. 2003) (citing *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999)). Thus, if Plaintiff wishes to deem his administrative claim constructively denied and assert a claim under the FTCA, he must proceed by filing a new complaint. He cannot proceed under his premature Complaint.

Accordingly, the Court ADOPTS the Report and Recommendation and Plaintiff's Complaint is DISMISSED without prejudice.

IT IS SO ORDERED this 30th day of October, 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE